IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINIOS
EASTERN DIVISION

| | |
|---|---|
| HENRY GODFREY,<br>    Plaintiff,<br><br>vs.<br><br>OFFICER BRADLEY KURTZWELL,<br>DETECTIVE NICHOLAS AZZO,<br>OFFICER ANDREW SRAGA,<br>OFFICER MICHAEL KRAUS,<br>OFFICER KRISTOFER SCHRUBBE, and<br>THE VILLAGE OF BOLINGBROOK,<br>    Defendants. | Case No.:<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, HENRY GODFREY, by and through his attorneys, Sabuco, Beck, Hansen, Massino, Schrock & Pollack, P.C., and John V. Schrock and Zachary B. Pollack of counsel and for his complaint, states as follows:

### I. STATEMENT OF FACTS

1. Plaintiff is a resident of Bolingbrook, Will County, Illinois. Plaintiff is an African American.

2. Plaintiff is employed by the Illinois Department of Corrections (hereinafter "IDOC") as a correctional officer.

3. Defendant, Officer BRADLEY KURTZWELL (hereinafter "Kurtzwell") is caucasion and is employed by the Village of Bolingbrook (hereinafter "Bolingbrook") as a police officer.

4. Defendant, Detective NICHOLAS AZZO (hereinafter "Azzo") is caucasion and is employed by Bolingbrook as a police detective.

5. Defendant, Officer ANDREW SRAGA (hereinafter "Sraga") is caucasion and is employed by Bolingbrook as a police officer.

6. Defendant, Officer MICHAEL KRAUS (hereinafter "Kraus") is caucasion and is employed by Bolingbrook as a police officer.

7. Defendant Officer KRISTOFER SCHRUBBE (hereinafter "Schrubbe") is caucasion and is employed by Bolingbrook as a police officer.

8. Defendant BOLINGBROOK is an Illinois Municipal Corporation located in Will County, Illinois.

9. At all times relevant, Bolingbrook runs and operates its police department staffed with predominately white and caucasion police officers.

10. That Bolingbrook, by and through its white and caucasion police department, permits and allows the harassment, intimidation, and false arrests of African American residents of Bolingbrook.

11. That the harassment, intimidation, and false arrests of African American residents is so pervasive by Bolingbrook Police Officers, that this conduct constitutes an official policy of Bolingbrook.

12. Prior to March 6, 2013, Kurtzwell arrested Plaintiff without probable cause and harassed Plaintiff in November of 2012 and again on March 5, 2013.

13. On March 6, 2013, Plaintiff wrote to Bolingbrook Mayor, Roger Claar, making a citizens complaint about the unlawful arrests and harassment by Kurtzwell. (See a copy of the Citizen's Complaint Letter attached hereto as "Exhibit A").

14. That Bolingbrook failed to investigate any of the claims of false arrest and harassment that Plaintiff made in his Citizen's Complaint.

15. Instead of conducting an investigation into the charges made by an African American citizen against a white police officer, Bolingbrook, allowed and permitted it's officers to engage in a campaign of making unlawful arrests of Plaintiff, preparing false reports concerning Plaintiff and sending the false reports to IDOC in an attempt to have IDOC terminate Plaintiff's employment and sending it's false reports to the Will County State's Attorney's Office to have Plaintiff charged for criminal offenses that Plaintiff did not commit.

16. That the conduct alleged in paragraph 14 above is continuing with Bolingbrook Officers contacting officials at Stateville trying to get Plaintiff fired as recently as March, 2015.

17. That the campaign by Bolingbrook Police Officers to make the unlawful arrests of Plaintiff, to prepare false reports and send the reports to IDOC and to the Will County State's Attorney's Office, and Bolingbrook's failure to investigate Plaintiff's Citizen's Complaint and the Citizen's Complaints of other African American citizens, is so pervasive that it constitutes an official policy of Bolingbrook.

18. On March 23, 2013, Kurtzwell arrested Plaintiff for Driving Under the Influence (hereinafter "DUI") and traffic offenses without any probable cause.

19. That as a result of Kurtzwell's unlawful arrest of Plaintiff on March 23, 2013, Plaintiff was charged with DUI and traffic offenses in case number 13 DT 445 and 13 TR 22269-70 in Will County, Illinois.

20. On September 14, 2013, Plaintiff was found not guilty of the DUI and traffic offenses in 13 DT 445 and 13 TR 22269-70.

21. On July 28, 2013, Sraga and Azzo prepared incident reports falsely accusing Plaintiff of calling in a false police report.

22. On August 2, 2013, Azzo forwarded the police reports on to the Will County State's Attorney's Office and requested that Plaintiff be charged with Disorderly Conduct and False Police Reports when Azzo knew that Plaintiff had not committed any criminal offense.

23. As a result of the false police reports prepared by Sraga and Azzo and Azzo's request that criminal charges be filed against Plaintiff, despite Azzo's knowledge that Plaintiff had not committed any crime, Plaintiff was charged with Attempt Disorderly Conduct in case number 13 CM 1944 in Will County, Illinois on August 2, 2013.

24. Plaintiff was found not guilty of all charges in case number 13 CM 1944 on March 20, 2014.

25. On August 20, 2014, Schrubbe, Kraus and Kurtzwell arrested Plaintiff for impersonating a police officer, when Schrubbe, Kraus and Kurtzwell knew that Plaintiff was an Illinois Correctional Officer and had not committed any crime.

26. That Plaintiff was charged with impersonating a police officer in Count I of case number 14 CM 2384 file in Will County, Illinois.

27. That Count I of case number 14 CM 2384 charging Plaintiff with impersonating a police officer was dismissed on January 14, 2015.

## COUNT I
## I. FALSE ARREST AGAINST KURTZWELL

1.-19. Plaintiff adopts and incorporates paragraphs 1-19 of the Statement of Facts as though fully stated herein as paragraphs 1-19 of County I.

20. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.

21. The warrantless arrest of Plaintiff by Kutrzwell on March 23, 2013 without probable cause was unreasonable.

4

22. Plaintiff brings this action pursuant to 42 U.S.C. Section 1983.

23. Pursuant to 42 U.S.C. Section 1988(b) the court may award Plaintiff his reasonable attorney's fees.

WHEREFORE, Plaintiff, HENRY GODFREY, prays for the entry of a Judgment in his favor and against Defendant, Officer BRADLEY KURTZWELL, in a sum in excess of $50,000.00.

## COUNT II
## MALICIOUS PROSECUTION AGAINST AZZO AND SRAGA

1.-23. Plaintiff adopts and incorporates paragraphs 1-23 of the Statement of Facts as though fully stated herein as paragraphs 1-23 of County II.

24. That AZZO and SRAGA knowingly made a false police report.

25. That AZZO and SRAGA commenced a criminal prosecution of Plaintiff by knowingly preparing false police reports and forwarding these police reports to the Will County State's Attorney's Office and requested that Plaintiff be charged with Attempt Disorderly Conduct.

26. That Plaintiff sustained damages by the malicious prosecution of 13 CM 1944 in that he retained any attorney and had to respond to the false charges with his employer, IDOC.

27. That this court has concurrent jurisdiction to hear Plaintiff's federal claims pursuant to 42 U.S.C. Section 1983 and this state law claim for malicious prosecution.

WHEREFORE, Plaintiff, HENRY GODFREY, prays for the entry of a Judgment in his favor and against Defendant, Detective NICHOLAS AZZO and Officer ANDREW SRAGA, in a sum in excess of $50,000.00.

## COUNT III
## FALSE ARREST AGAINST SCHRUBBE KRAUS AND KURTZWELL

1.-26. Plaintiff adopts and incorporates paragraphs 1-26 of the Statement of Facts as though fully stated herein as paragraphs 1-26 of County III.

27. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.

28. The warrantless arrest of Plaintiff on August 20, 2014 was unreasonable.

29. Plaintiff brings this act pursuant to 42 U.S.C. Section 1983.

30. Pursuant to 42 U.S.C. Section 1988(b), the court may award Plaintiff his reasonable attorney's fees.

WHEREFORE, Plaintiff, HENRY GODFREY, prays for the entry of a Judgment in his favor and against KRISTOFER SCHRUBBE, MICHAEL KRAUS and BRADLEY KURTZWELL, in a sum in excess of $50,000.00.

## COUNT IV
## SECTION 1983 CLAIM AGAINST BOLINGBROOK

1.-27. Plaintiff adopts and incorporates paragraphs 1-26 of the Statement of Facts as though fully stated herein as paragraphs 1-27 of County IV.

28. Bolingbrook failed to properly train its police officers in one or more of the following respects:

   (a) It failed to properly institute policies that prevent racial harassment and intimidation of African American citizens.

   (b) It failed to properly train its police officers to make warrantless arrests of African American citizens only when probable cause exists that the African American citizen has committed a criminal offense.

   (c) It failed to properly train its police officers to make police reports that do not contain false allegation against African American citizens.

6

29. That Bolingbrook was aware of repeated instances of its police officers making unlawful arrests of citizens and or making false police reports including:

    (a)    Bolingbrook police officers unlawfully arrested Kevin Martin and Mary McClendon on March 13. 2010.

    (b)    Bolingbrook Police Officer Kushenbach unlawfully arrested Ivan Smith on November 23, 2012 and Officer Kushenbach prepared false reports about the arrest.

30. That Bolingbrook by conscious choice or deliberate indifference failed to train its police officers to make arrests based on probable cause and to make police reports that do not contain false statements.

31. That as a direct result of Bolingbrook's failure to train its police officers, Plaintiff was falsely arrested and subjected to malicious prosecution.

32. Bolingbrook is liable pursuant to 42 U.S.C. Section 1983 for its deliberate indifference to the false arrests and malicious prosecution by its officers.

33. Pursuant to 42 U.S.C. Section 1988(b) the court may award Plaintiff his reasonable attorney's fees.

## COUNT V
## INJUNCTIVE RELIEF

1.-33. Plaintiff adopts and incorporates paragraphs 1-32 of Count IV as though fully stated herein as paragraphs 1-33 of County V.

34. That the making of false arrests by Bolingbrook Police Officers of Plaintiff and the preparation of false reports that Bolingbrook Police Officers forwarded to Plaintiff's employer is ongoing and illegal.

35. That Plaintiff is without adequate remedy of law.

36. That Plaintiff requests that Bolingbrook, and asks of its police officers, be restrained and enjoined from sending any false reports to Plaintiff's employer, IDOC.

WHEREFORE, Plaintiff, HENRY GODFREY, prays that the court enter an order restraining and enjoining Defendant, THE VILLAGE OF BOLINGBROOK, or any of its officers, from sending any false reports concerning Plaintiff to the Illinois Department of Corrections.

Respectfully submitted:

Sabuco, Beck, Hansen, Massino, Schrock & Pollack, P.C.
Attorneys for Plaintiff,

By: _____
John V. Schrock, of counsel

John V. Schrock   #06201876
Sabuco, Beck, Hansen, Massino, Schrock & Pollack, P.C.
77 129th Infantry Drive
Joliet, Illinois  60435
815/730-8860