IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HENRY GODFREY,** | |
| Plaintiff, | |
| v. | Case No. 15 C 2341 |
| **OFFICER BRADLEY KURTZWELL, DETECTIVE NICHOLAS AZZO, OFFICER ANDREW SRAGA, OFFICER MICHAEL KRAUS, OFFICER KRISTOFER SCHRUBBE, and THE VILLAGE OF BOLINGBROOK,** | Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Henry Godfrey's ("Plaintiff") Motion to Dismiss Defendants' second and third affirmative defenses [ECF No. 26]. For the reasons stated herein, the Motion is denied.

On March 18, 2015, Plaintiff filed a five-count Complaint for violations of 42 U.S.C. § 1983, malicious prosecution, and injunctive relief against the Village of Bolingbrook, a Bolingbrook police detective, and four Bolingbrook police officers. Defendants answered and raised a number of affirmative defenses. Plaintiff moved to strike the second and third affirmative defenses, which asserted that Plaintiff's claims were barred by the Illinois Tort Immunity Act (the "Act"), 745 ILCS 10/1-101, *et seq.* Defendants concede that the second and third affirmative defenses do not apply to Plaintiff's § 1983 or injunctive relief claims, but maintain that they apply to his state-

law claim for malicious prosecution. Plaintiff's malicious prosecution claim asserts that two of the Defendant police officers — Nicholas Azzo ("Azzo") and Andrew Sraga ("Sraga") — knowingly made false police reports against him. Defendants deny preparing false reports.

Defendants rely on two provisions of the Act shielding public employees from tort liability. Section 2-201 provides that public employees serving in a position involving the exercise of discretion are not liable for injuries arising from their acts or omissions "when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. Section 2-202 provides that public employees are not liable for acts or omissions "in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Plaintiff claims that the Act is inapplicable because Azzo and Sraga could not have been using their discretion or enforcing any law in filing false police reports.

Defenses asserted in response to a pleading must be stated in "short and plain terms." FED. R. CIV. P. 8(b)(1)(A). "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991) (citation and internal quotations omitted). In general, motions to strike affirmative defenses are disfavored, and will be denied unless it appears certain "that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Id.* (citation and internal quotations omitted); *see also, Riemer v. Chase Bank, N.A.,* 275 F.R.D. 492, 494

(N.D. Ill. 2011) (noting that striking an affirmative defense is a "drastic remedy" that is seldom granted).

Here, Defendants have stated their affirmative defenses in "short and plain terms" that satisfy the requirements of Rule 8 and provide Plaintiff with fair notice. Defendants claim that Bolingbrook employees are protected under Section 2-201 because they were acting within the scope of their employment to execute or enforce the law, and protected under Section 2-201 because they were exercising their discretion. Plaintiff's Motion to Dismiss presumes the police reports were false, but Defendants have not admitted this allegation. The Court declines to resolve this disputed issue of fact, at this early stage in the litigation, by striking Plaintiff's affirmative defenses. *See, Riemer,* 275 F.R.D. at 494 ("A motion to strike . . . is not a mechanism for deciding disputed issues of law or fact, especially where, as here, there has been no discovery, and the factual issues on which the motion to strike largely depends are disputed."). Plaintiff's Motion to Dismiss Defendants' second and third affirmative defenses [ECF No. 26] is therefore denied.

**IT IS SO ORDERED.**

 Harry D. Leinenweber, Judge
 United States District Court

Dated: 11/5/2015